```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :   07 Cr. 882 (DLC)

        -v-                         :

LUIS M. ROSARIO,                    :
    a/k/a "Nelson Cordero,"
    a/k/a "Ceasar DeJesus,"         :
    a/k/a "Ceaser Jesus,"
    a/k/a "Ceaser DeJesus,"         :

                 Defendant.         :
- - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S SENTENCING MEMORANDUM

                                  MICHAEL J. GARCIA
                                  United States Attorney for the
                                  Southern District of New York
                                  Attorney for the United States
                                      of America.

CHRISTIAN R. EVERDELL
Assistant United States Attorneys
    - Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 26, 2008

**BY HAND DELIVERY**

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007

    Re:    <u>United States v. Luis Rosario</u>
             07 Cr. 882 (DLC)

Dear Judge Cote:

       This matter is scheduled for sentencing on February 29, 2008, at 3:00 p.m. The Government respectfully submits this letter in response to the defendant's sentencing letter, in which he asks the Court to downwardly depart from the applicable Sentencing Guidelines range of 24 to 30 months' imprisonment to a sentence of time served. *See* Defendant's February 21, 2008 Sentencing Letter ("Def. Ltr.") at 3. The defendant argues that such a departure is appropriate because his only reason for illegally returning to the United States was to help his common law wife care for their children. *See id.*

       For the reasons set forth below, the Government submits that a downward departure based on extraordinary family circumstances would be inappropriate in this case, and that a sentence within the Guidelines range would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

**BACKGROUND**

A.    **Offense Conduct**

       As described in more detail in the Presentence Investigation Report ("PSR"), the defendant, who is a citizen of the Dominican Republic, was convicted of attempted criminal sale of a controlled substance in the third degree, in New York Supreme Court, New York County, on

The Honorable Denise L. Cote
February 26, 2008
Page 3 of 6

April 10, 2001. (PSR ¶¶ 6-7). On October 21, 2001, the defendant was lawfully deported from the United States to the Dominican Republic, but returned to the United States in 2004 without permission. (PSR ¶¶ 8-9, 16). On September 6, 2007, agents from U.S. Immigration and Customs Enforcement arrested the defendant at an apartment in Manhattan. (PSR ¶¶ 10-12). After being read his *Miranda* rights, which he waived, the defendant admitted that his true name was "Luis Rosario," he had been previously convicted of a drug offense, and he had been deported from the United States. (PSR ¶ 13).

**B.      The Guidelines Range**

After the Government provided the defendant with a *Pimentel* letter, dated September 24, 2007, the defendant pled guilty, on November 20, 2007, to the sole count of Indictment 07 Cr. 882 (DLC), charging him with illegally reentering the United States after having been previously deported for the commission of an aggravated felony. On February 22, 2008, the Probation Department released the PSR. According to the PSR, the Guidelines range applicable to the defendant is 24 to 30 months' imprisonment, based upon an offense level of 17 and Criminal History Category of I. (PSR at 19).

### DISCUSSION

**A.      The Sentencing Guidelines**

The United States Sentencing Guidelines (the "Guidelines") still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." *Gall* v. *United States*, — U.S. —, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *Gall*, 128 S. Ct. at 596-97.

In determining the appropriate sentence, the statute directs judges to "impose a

The Honorable Denise L. Cote
February 26, 2008
Page 4 of 6

sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 S. Ct. at 597 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. —,127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 128 S. Ct. at 594; *see also Rita*, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S. Ct. at 597.

B.  **A Downward Departure For Extraordinary Family Circumstances Is Not Warranted In This Case**

The defendant asks the Court to depart downward from the applicable Guidelines range on the grounds that his illegal reentry into the United States was occasioned solely by the need to help his common law wife care for their children. Def. Ltr. at 3. In asserting that his sentence should be mitigated because his illegal activity was motivated by his responsibilities as a husband and parent, the defendant is arguing that the Court should grant a departure based on extraordinary family circumstances. *See United States* v. *Mejia*, 309 F.3d 67, 71 (1st Cir. 2002) (defendant's claim that he should receive a lesser sentence because his family responsibilities motivated him to illegally reenter the country "is not meaningfully distinguishable" from an argument for departure based on extraordinary family circumstances). The defendant's family

The Honorable Denise L. Cote
February 26, 2008
Page 5 of 6

circumstances are that he has a common law wife, two children, and one step-child, who has been undergoing treatment for cancer, and that all of them needed the defendant in the United States to provide financial and emotional support for the family. These circumstances do not provide a sufficient basis for a departure in this case.

Section 5H1.6 of the Sentencing Guidelines provides that "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guidelines range." Because family circumstances are a "discouraged" basis for departure under the Sentencing Guidelines, a court may depart downward based on such circumstances "only 'in exceptional cases,'" *Koon* v. *United States*, 518 U.S. 81, 95 (1996) (quoting U.S.S.G. ch. 5, part H, intro. comment), and "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Id.* at 96; *see United States* v. *Walker*, 191 F.3d 326, 338 (2d Cir. 1999) (family circumstances departures "must be reserved for situations that are truly extraordinary"); *United States* v. *Faria*, 161 F.3d 761, 762 (2d Cir. 1998) (same).

The Second Circuit has repeatedly emphasized, in discussing the impact of incarceration on a defendant's family, that "[d]isruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration." *United States* v. *Johnson*, 964 F.2d 124, 128 (2d Cir. 1992). Accordingly, family circumstances departures have been limited to extraordinary situations "where the family was uniquely dependent on the defendant's ability to maintain existing financial and emotional commitments." *Faria*, 161 F.3d at 762 (quoting *United States* v. *Sprei*, 145 F.3d 528, 535 (2d Cir. 1998)).

The factor that repeatedly has been held to distinguish truly extraordinary family hardship from the burden ordinarily visited upon the defendant's family as a result of the defendant's incarceration is the absence of adults available to act as care-takers for the defendant's dependents in the defendant's stead. *See, e.g., Sprei*, 145 F.3d at 535 (requiring "unique" dependence on defendant); *United States* v. *Jaderany*, 221 F.3d 989, 996 (7th Cir. 2000) ("a defendant's ability to rely on a supportive spouse or other relatives to look after his children makes his case for a downward departure less compelling"); *United States* v. *Dyce*, 91 F.3d 1462, 1467-68 (D.C. Cir. 1996) (reversing departure for "single mother with three children under the age of four years old, one of whom is three months old and is breast fed by the [d]efendant," where other adults are available to care for the children).

This same analysis applies to the defendant's contention that he is less culpable, and therefore entitled to a downward departure, because he reentered the country to help his family. *See Mejia*, 309 F.3d at 71. The hardship that was caused to the defendant's family by his prior deportation is deeply regrettable, and the Government does not discount the emotional and economic distress that the defendant's deportation caused to his or her family, especially to their

The Honorable Denise L. Cote
February 26, 2008
Page 6 of 6

children. However, the circumstances cited by the defendant here are not so extraordinary as to merit a downward departure. While it may be true that the defendant was motivated to return to the United States solely by parental concerns, these same concerns are faced by all defendants who have been deported and separated from their children and families.

Furthermore, there is no suggestion in the defendant's submission that he is in a unique position to provide financial and emotional assistance to his common law wife and their children, or that there are no other adults in his family or his wife's family who might provide such assistance. For these reasons, the Government urges the Court not to depart downward from the applicable Guidelines range in this case based on family circumstances, and further not to impose a non-Guidelines sentence based on these same factual circumstances.

In asking the Court for a sentence of time served, the defendant is asking for a sentence of less than six months. Such a sentence would not adequately serve the purposes of sentencing as articulated in Section 3553(a). In short, such a sentence does not reflect the seriousness of the defendant's offense, it would not serve to promote respect for the law or to provide an appropriate punishment, and it would not afford adequate deterrence to future criminal conduct, on the part of this defendant or others. Moreover, there is no reason in this case to deviate from the advisory Sentencing Guidelines range. The family circumstances of this defendant are not unlike those of other defendants who have been deported from the United States and have been separated from those who depend on them.

For these reasons, the Government respectfully requests that the Court impose a sentence of imprisonment within the applicable Guidelines range. The Government believes that such a sentence would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney
        Southern District of New York

By:   /s/ Christian R. Everdell
      Christian R. Everdell
      Assistant United States Attorney
      212-637-2556

cc:    Jorge Guttlein, Esq.